You may proceed. Good morning. Faye Arf on behalf of Mr. Maes. May it please the Court, I would like some time for rebuttal. In my opinion, it's very clear that Mr. Maes had at least 60 days to take his case up into federal court. It seems that the law is very clear that there's an interval tolling, just as there is after the California Supreme Court makes a decision and then there's a 90-day, call it a grace period. How do you come up with 60 days? Couldn't it be 30? Couldn't it be 45? Couldn't it be 60? Couldn't it be 10? You're asking us to make up an interval when California hasn't. Okay. This is Evans v. Chavez. And or Chavez v. Evans. And Evans v. Chavez. It seems very clear. I gave the lower end. I gave what Chavez said, which is 30 to 60 days. We really don't know. Right. So maybe that would be for future litigation, what exactly the date should be or how much interval tolling there should be. In this case, we don't need more than we don't really need more than 10 because that would work for Mr. Maes. But the difference there is that the habeas petitioner actually did file a proceeding in the appellate court in Evans. Yes. And here nothing was filed. So if we just look at the words of the statute, what was pending? Well, I don't believe that anything has to be pending. The idea is that he could have at any time within those, I'm using 60 days as the outer just because of Evans v. Chavez. I really don't know what it is, but anything more than 10 would work or less than 10 would work. So I use that. But, for example, if the California Supreme Court denies review, there's a 90-day grace period between the time the person can file under the ADPA. That's a final decision. But if the person, let's say, files within five days, there's still an 85-day tolling period. You know, what makes this difficult is California's peculiar procedure. Most states say you can appeal within X number of days, and it varies from place to place. And because of that, one can say that the earlier proceeding that can be appealed remains pending, and that is the statutory term, because the statutory tolling happens while there is a properly filed application pending. So we have to be tied somehow to that word. But where you have to, in California, sort of start over at every level, and here where nothing was done, how can we artificially say that something was pending? Well, I've cited a number of cases dealing with appeals. For example, even though I have, let's say, 60 days to appeal, and I don't file an appeal, I still have those 60 days. Right, but that's in a state where there is 60 days, and it allows you to appeal the given proceeding. And here we have, A, no time limit, and, B, the requirement that the petitioner, as I understand it, basically start over with a new petition in the next court available. And so why isn't the proceeding that occurred completed for all purposes as a matter of California law? And if that is true, then what was pending here that would permit him the statutory tolling? Well, we don't, because technically he had 60 days to file a document. So even though he filed in federal court, he still could have filed another petition in state court and maybe asked the federal courts to stay and obey or asked for a Kelly stay. So one of the problems that I'm having with this case is it's painful because both of the outcomes seem to be absurd in their own way because of the way that California does this. He could have plunked in his petition in the state court at any time if he'd known how to game the system properly, and he would have bought the period of time and could have filed his federal case. He didn't. He's facing a 25-year sentence now, which he's not going to be able to get reviewed in federal court because he didn't play the game. Twenty-five. But you're asking us to kind of come in and make a new rule for the game that doesn't really exist right now and give somebody the right to do something, which I'm having a hard time finding is there. I sympathize because there's something ugly about what happened here, but how can we make up a rule that doesn't exist? Well, in my opinion, it's very simple. That's what the case law says, that there's an interval tolling period during which any time within there he can file. I don't think it's limited to state court. What do you think? Didn't we resolve this question in Waldrop? Pardon me? Waldrop. Waldrop? Waldrop. Okay. There we seem to say that we gave credit for the time he actually spent where the petitions were pending, gave him no time afterwards. Are you familiar with Waldrop? I will be. W-A-L-D-R-I-P, 548 Fetzerd, 729. Was that cited? I don't know if it was cited in a respondent's brief. I don't see it cited anywhere in the briefs that I am aware of, but I can find it in a minute. Waldrop, W? Let me check. Maybe it's not. What was the site? Well, it's cited on page 12 of the red brief. Do you have the red brief? That would be a respondent's brief. It's useful to bring the actual briefs to court. I have them. I have them here. Well? I'll go to page 25. Page 12. Oh, page 12. Oh, I see it here. Page 12. Okay. But you don't have Waldrop. You don't know the answer to that. It looked to me like we gave credit there only for the time until while the case was actually pending on petitions. We gave no extra time for the appeal period. So it looks also to me like Waldrop has decided this question already. I'm not sure. When I look at Evans v. Chavez and there's a 60-day tolling period, I'm not sure that anything has to be — that even if something is — So Evans was a California case? Evans v. Chavez is a U.S. Supreme Court case. It didn't involve a California. It did involve California. But it involved someone who had filed a petition. And so here where nothing was properly filed, which is another statutory term, and nothing was pending, another statutory term, I guess I don't see the relevance of Evans to this situation. But, well, it would leave — I think it would lead to anomalous results because, let's say, after filing his federal brief, Mr. Mays decided, okay, you know, I want to take it up to the California Supreme Court. He still would have been timely. So in other words, he would have been timely in state court and not timely in federal court. But Evans also pointed out that in California you don't file an appeal, so there isn't like a potentially non-final thing, that you file a separate petition, a new, a new original petition. What difference should that make to our analysis in your view? I don't think it should make a difference. I think what we're concerned is, is there a tolling interval? I mean, in other words, if somebody gets an opinion from one court and doesn't take it any further, is that the absolute deadline? Is there any grace period? Well, doesn't it depend on what the State provides? If the State provides that that is the final thing, unless you file a new original petition. But then again, like I said, you still, you still — let's say he did file the federal petition five days late, but he still had time in California court, then he still would be able to do the interval tolling. So I know it doesn't — I know it's — it doesn't make a lot of sense, but I could — that could happen. Do you have Waldrop in front of you? Pardon me? Do you have Waldrop? Waldrop. Oh, I could pull up the whole case, but yeah. I have Waldrop versus — Well, if you look on page 736, 548, Fed 3rd, 736, in the right-hand column you'll see a calculation. And it looks to me like we only include the time actually pending. We don't include any of the in-between times. So you may want to look at that, and we'll give you time for rebuttal to address it. Okay, thank you. Okay. Good morning. May it please the Court. Justin Riley on behalf of the warden. California system is — I've heard all sorts of words, peculiar, illogical, all sorts of things. Because it's so peculiar, statutory tolling in California — I'm sorry, let me be more specific. Statutory interval tolling is available for collateral actions in California only retroactively. That means after a subsequent petition is filed, only then can we realize whether or not the previous interval was actually tolled. Because that subsequent petition has to be properly filed, denied on the merits, et cetera, et cetera. What Petitioner is asking for here is sort of a prospective tolling, an expectation of tolling that doesn't exist in California. Back as far as 2002, the United States Supreme Court in Cary v. Saffold created a special sort of statutory tolling for California. It's retroactive in its analysis. So if he'd been clever enough to have somebody plop in a petition for habeas corpus the next level up, he would have bought himself plenty of time to file a federal habeas petition while that one was pending. I believe the answer is yes, if that petition was properly filed, denied on its merits within a reasonable time period, et cetera, yes. But that would have been proper pursuit of State remedies. Right. And was he pro se when he was following this process? I believe so, yes. So a pro se person has to figure that out, and a 25-year sentence, he loses his right to federal review because he wasn't clever enough to throw in a petition in State court and buy himself the additional time. I'm not sure of all the reasons. The answer to that is hard cheese. Hard cheese, man. You didn't do it, and you're out. I'm not aware of all the reasons why, but, yes, this particular petitioner is untimely. I would remind the Court of one more point, and that is once State collateral review has been abandoned at any level, whether it be the State Superior Court here or the California Supreme Court, there is no interval tolling from State court to federal court. That's Lawrence v. Florida out of the United States Supreme Court, stands for that proposition. You don't get interval tolling to go from State to federal because statutory interval tolling is available at all for proper pursuit of State remedies. I'd love to ---- A decision where somebody waited three years to take the additional step in State court and then tried to argue that at that time they still had an opportunity to bring a federal petition. They said three years is too much, but some reasonable time might be enough. In other words, you can keep filing in California. I understand in California you can just keep tossing in these petitions because they're new petitions at each level of the court. It can get quite complicated with, yes, several different petitions. I see. I'd love to answer any more questions. Thank you. Okay. I'll give you a minute for a bottle. I did look at Walthrop. I looked at Walthrop, and in Walthrop it was an eight-month interval, and at least that's the way I read it right now, and that was too long. And then Walthrop ---- It seems a little strange to say if you don't file it, eight months is too long, you don't get it, but if you don't file at all, you do get it. Well, you've got to get something. I mean, I don't ---- Why? I mean, there's a wonderful fairness argument there, but this is a statutory problem. Why is it required that you get something? Well, because I'm relying on Evans v. Chavez, which says ---- No, he did it there. Here you have someone who does nothing. I mean, can't you even also say in addition to it's not being pending, there's nothing properly filed, which is another requirement? But he's ---- But when I look at it, I say, look, he could have. He could have. We do that all the time. Sometimes we file in Federal court and we still pursue our State remedies. So he could have at any time. That would have stopped the, I don't know, the Federal clock, or he still could have. So as long as my argument is as long as there's the potential, as long as he has, and I'm using 60 days, as long as there's the potential for him to file another brief, which he can't do after he goes through the whole trial-level process, all the courts in California. He can't. Okay. He's done. But as long as he has the potential within a certain amount of time to file a new brief in State court and he hasn't finished his round, then we can't say that, okay, as soon as the California Superior Court denied his claim, that's it. As long as there's still potential, and that's just the way I read the statutes. He still had the potential. And in some cases you just don't, particularly after the Supreme Court denies review. Then you don't have the potential. Then there is no tolling. But as long as you're between courts and as long as there's the potential and you have the opportunity to file a new brief, then that's the way California is. It allows it. So... So in your view, if he does nothing, he gets a reasonable time? He does. But if he waits eight months, he gets nothing? Well, that's what Walthrop says. It hasn't been defined. It happens to be circuit law, so... Yes. So we are sort of stuck with Walthrop, for better or for worse. So circuit law is if you take eight months, you get zero. If you take eight months, right. How do we give your client, who didn't do it even after eight months, more than Walthrop got? Well, he did it. He was five days late for the Federal. He still had time within the 60 days to file. So this Court has said, Walthrop, eight months is too late. I'm looking at the lower level. I mean, I don't know what other... It would be different if in Walthrop we said, look, eight months was too late, but we'll give you 30 days or 60 days or something out of the eight months, which is the reasonable amount of time. This is the time you had to appeal. Well, we didn't say that. We said, too late, if you don't file something on time, you get nothing. How can we do better for your client when we told Walthrop, who actually did file something, that eight months is... you get nothing after eight months? Well, because this Court has... this Court made the decision eight months is too late. So we don't know. There's a lot of doors that need to be opened or closed or exhaled. We don't know. We don't know. Okay, if somebody files one in six months, is that reasonable? We still don't know what's reasonable. I've been before this Court, and it was an unpublished opinion. They said, okay, he filed after 60 days. Tolling's done, and that's it. That's what Evans v. Chavez said. So there's no bright line. But I do know that there is an unpublished opinion where I came before this particular Court, and they said, 60 days? You filed it 70 days? Too bad. So that's why I used Evans v. Chavez as, in my case, as the outer. We don't know what's going to be reasonable in the future. We know what Walthrop says, eight months is not. But we just don't know. Okay, thank you. Thank you. Okay, next case on this case is I.U. Sensor Moot.
judges: Ponsor, Kozinski, Graber